217 F.2d 319
 James F. MASSY, doing business as Massy Motors
v.
Charles H. KENDALL, Assistant Director, Office of Defense Mobilization.
 No. 603.
 United States Emergency Court of Appeals.
 Submitted November 29, 1954.
 Decided December 10, 1954.
 
 Vennum, Newhall & Ackman, Minneapolis, Minn., for complainant.
 Warren E. Burger, Asst. Atty. Gen., and Edward H. Hickey, Chief, General Litigation Section, and Mrs. Katherine Hardwick Johnson, Attorney, Department of Justice, and James A. Durham, Washington, D. C., and Joseph T. Maioriello, Special Counsel, Office of Defense Mobilization, New York City, for respondent.
 Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.
 MARIS, Chief Judge.
 
 
 1
 The prior proceedings in this action which was instituted with leave of the United States District Court for the District of Minnesota under Section 408(d) (1) of the Defense Production Act of 1950, as amended, 50 U.S.C.A.Appendix, § 2108, are fully set out in our prior opinion in the case, Em.App., 209 F.2d 250, and need not be repeated. Suffice it to say that on July 12, 1954 the United States Court of Appeals for the Eighth Circuit handed down its opinion reversing the judgment of the District Court in the enforcement suit to which the present proceeding is ancillary. Massy v. United States, 214 F.2d 935. Thereafter the mandate of the Court of Appeals went down directing a new trial of the enforcement action. The respondent has now filed a petition asking this court to consider on the merits the case pending before us and render an opinion thereon. To this petition the complainant has filed objection and he in turn has moved to dismiss the complaint as moot. The respondent opposes the motion. The motion to dismiss the complaint must be granted.
 
 
 2
 There are two reasons why the complaint before us is now moot. The first is that the Court of Appeals has interpreted section 3 of Supplementary Regulation 5 to the General Ceiling Price Regulation in the manner contended for by the complainant here, reversing the interpretation placed thereon by the District Court. The Court of Appeals held that charges for the installation of factory installed optional equipment and accessories provided with new automobiles were not comprehended within the price ceilings imposed by paragraph (a) of section 3 of SR 5 upon the sale of new automobiles if, as in the complainant's case, their installation had to be completed by the dealer before they were ready for use by the purchaser. On the contrary the court interpreted paragraph (b) of section 3 as authorizing the dealer to charge his customary base period price for the work of completing the installation of such equipment, it being "extra, special or optional equipment requested by the customer in writing and attached to the automobile," within the meaning of that paragraph. Moreover the Court of Appeals found that the complainant's charges which were the basis of the enforcement suit were the same as his base period charges.
 
 
 3
 It is thus obvious that the question of validity raised by the complaint in this court has become moot. For it was based upon the District Court's interpretation of section 3(a) of SR 5 as prohibiting the complainant's charges and the complainant's contention that as thus interpreted and applied to him the regulation was invalid. No question of validity therefore remains in the enforcement suit to be determined in the present ancillary proceeding in this court. Indeed, except for the fact that the complainant failed to move for judgment notwithstanding the verdict in the District Court that court would undoubtedly have been directed to reduce the judgment against him in the enforcement suit to $258.33, the amount of overcharges which he conceded.
 
 
 4
 The fact that a new trial in the District Court has been directed furnishes the second reason why the present complaint is moot. For the jurisdiction of this court under section 408(d) (1) is exercisable as ancillary to a civil proceeding only "after judgment". Accordingly so long as there was an outstanding judgment in the District Court this court was empowered to entertain the complaint filed with leave of the District Court. But that judgment has now been reversed and a new trial has been ordered. The new trial will doubtless result in a new and different judgment. If, perchance, any question of validity of the regulation still remains after the entry of that judgment, this court would be empowered to entertain a new complaint raising it if leave to file it should be given by the district court upon an application made within five days after the entry of such new judgment.
 
 
 5
 The petition to consider the case on the merits will be denied and the motion to dismiss the complaint as moot will be granted.